RECEIVED IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
2005 JUN -2  P 2: 16        NORTHERN DIVISION

| | |
|---|---|
| FARMERS INSURANCE GROUP, a/s/o ) <br> CARL AND AUGUSTINE CHEATHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PAMELA COX, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION FILE <br> NO. 2:05cv522-W |

---

**COMPLAINT FOR DAMAGES – JURY TRIAL REQUESTED**

---

COMES NOW Plaintiff Farmers Insurance Group, as subrogee of Carl and Augustine Cheatham, brings this action against Defendant Pamela Cox, and states the following:

**JURISDICTION AND VENUE**

1.

Plaintiff Farmers Insurance Group, as subrogee of Carl and Augustine Cheatham, is a corporation organized and existing under the laws of the state of California, with its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010.

2.

Farmers Insurance Group issued and provided an insurance policy to Carl and Augustine Cheatham which insured the real property referred to herein and located at 434 E. Vanderbilt Loop, Montgomery, Alabama 36109.

3.

Defendant Pamela Cox is an individual and citizen of the state of Alabama. Defendant Cox may be served at her residence located at 5701 E. Shirley Lane, Apartment 1105, Montgomery, Alabama 36117-1951.

4.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between plaintiff and defendant.

5.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the events or omissions giving rise to the claim occurred within this judicial district.

**FACTS**

6.

On January 9, 2004, Defendant Cox executed a lease agreement with Carl and Augustine Cheatham to occupy the house located at 434 E. Vanderbilt Loop, Montgomery, Alabama 36109. Attached herein as Exhibit "A" is a copy of the lease agreement.

7.

On June 27, 2004, five (5) months after Defendant Cox took possession of the house, a fire erupted in the house.

8.

Despite the intervention of the fire department, the house sustained heavy damage.

9.

Subsequent to the fire, Plaintiff discovered that the fire was caused by a range that had been left in the "on" position.

10.

As a result of the fire, Carl and Augustine Cheatham sustained substantial damages for which Farmers Insurance Group, pursuant to the terms and conditions of its insurance policy, paid its insured $119,700.00 in reimbursement for said damages described herein.

11.

By reason of the aforementioned payment and pursuant to the terms and conditions of its insurance policy, and by operation of law, Farmers Insurance Group is subrogated to Carl and Augustine Cheatham's rights of recovery to the extent of the payment made.

12.

Plaintiff is therefore entitled to have and recover from Defendant Cox its damages resulting from Defendant's negligence.

## COUNT I – BREACH OF CONTRACT

13.

Plaintiff realleges and herewith incorporates by reference all allegations contained in paragraphs 1 through 12.

14.

Defendant executed a lease agreement for the house located at 434 E. Vanderbilt Loop, Montgomery, Alabama 36109 and agreed, among other things, to:

- a) Permit no waste of the property;
- b) Take proper care of and protect said property from damage; and
- c) Upon termination of the lease to surrender possession of the property in as good condition as at the commencement of the lease.

15.

Defendant breached her contract by leaving the range in the leased premises unattended and in the "on" position, which caused a fire and resulted in substantial harm to the Cheathams' property.

16.

Defendant breached her agreement to maintain, take proper care of, and prevent harm to the Cheathams' property.

17.

Defendant breached her agreement to return the premises in the same condition as it existed before Defendant took possession in January 2004.

18.

As a result of Defendant's breach of the agreement, Plaintiff has suffered losses in excess of $100,000.00.

**COUNT II – NEGLIGENCE**

19.

Plaintiff realleges and herewith incorporates by reference all allegations contained in the preceding paragraphs 1 through 12.

20.

Defendant had a duty to maintain the leased property in a safe condition.

21.

Defendant had a duty to return the property to the Cheathams in the same condition it was in before Defendant took possession in January 2004.

22.

Defendant breached her duty by leaving the range in the leased premises unattended and in the "on" position, which caused a fire and resulted in substantial harm to the Cheathams' property.

23.

Defendant knew or should have known that an unattended range in the "on" position would cause a fire and damage the Cheathams' property.

24.

Defendant's negligence proximately caused a fire to erupt in the leased property on June 27, 2004.

25.

As a result of Defendant's negligence, Plaintiff has suffered losses in excess of $100,000.00.

WHEREFORE, Plaintiff demands:

A. that summons and process issue to compel Defendant to appear and answer this Complaint;

B. that Plaintiff have judgment against Defendant in an amount to be decided by a finder of fact plus costs and interest as provided by law; and

C. any other relief that this Court deems just and proper.

This 2nd day of June, 2005.

Respectfully submitted,

By: _____
Bar No.: ASB-7946-G63L

**OF COUNSEL:**
John W. Scott (Bar No.: ASB-1788-T68J)
L. Jackson Young, Jr.

HUCKABY SCOTT & DUKES, P.C.
Concord Center
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

Telephone: (205) 251-2300
Telecopier: (205) 251-6773